UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**Manuel Dorego,**

    Plaintiff,

vs.

**Valentine & Kebartas, Inc.,
John Doe's, alias**

    Defendants.

09  370

## Complaint

### Introduction

1. The Plaintiff, an individual consumer, brings this action alleging the Defendants engaged in harassing, abusive and prohibited conduct while attempting to collect an alleged Debt from the Plaintiff in violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). The Plaintiff seeks statutory damages, actual damages, costs and attorney fees under the FDCPA.

2. The Plaintiff also alleges the conduct of the Defendants while attempting to collect the alleged Debt constituted a deceptive practice in violation of the Rhode Island Deceptive Trade Practices Act, 6-13.1.-1 *et seq.* ("DTPA"). The Plaintiff seeks statutory damages, actual damages, costs, attorney fees, and punitive damages under the DTPA.

### Jurisdiction and Venue

3. This Court has jurisdiction to hear the FDCPA claims in this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337(a).

4. This Court has supplemental jurisdiction to hear the state law DTPA claims pursuant to 28 U.S.C. § 1367(a).

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because the Plaintiff is a resident of this District and the conduct complained of took place, via telephone, in this District.

## Parties

6. Plaintiff Manuel Dorego is an adult resident of the municipality of Johnston, County of Providence, State of Rhode Island.

7. The Defendant Valentine & Kebartas, Inc. (Valentine) is a corporation, organized and existing under the laws of the State of Massachusetts, and registered with the Rhode Island Secretary of State to do business in Rhode Island.

8. The Defendant John Doe's, alias, males and at least one female, including one male who may have a Spanish accent, are employees or agents of Valentine whose true identities are unknown to the Plaintiff but known, or knowable, to Valentine.

## Facts Common To All Counts

9. At all times relevant to this Complaint, Valentine was engaged in the business of regularly collecting Debts, originally owed to third parties, using the telephone to communicate with residents of Rhode Island.

10. At all times relevant to this Complaint, the John Doe's, alias, were engaged in the business of regularly collecting Debts, originally owed to third parties, using the telephone to communicate with residents of Rhode Island.

11. At all times relevant to this Complaint, Valentine was a "Debt Collector" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6).

12. At all times relevant to this Complaint, the John Doe's, alias, were "Debt Collectors" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6).

13. Within the past year Valentine placed phone call to, and engaged in telephone conversations with, the Plaintiff while acting as a Debt Collector attempting to collect an alleged Debt from the Plaintiff.

14. Within the past year at least two different John Doe's, alias, placed phone calls to, and engaged in telephone conversations with, the Plaintiff while acting as Debt Collectors attempting to collect an alleged Debt from the Plaintiff.

15. The alleged Debt that gave rise to the telephone calls arose from purchases of goods primarily for personal, family or household purposes. Hereinafter the alleged Debt shall be referred to simply as the Debt.

16. On June 17, 2009, Valentine, through one of the John Doe's, called the Plaintiff on the telephone attempting to collect the Debt.

17. On June 17, 2009, the Plaintiff told Valentine, through one of the John Doe's, among other things that he had not worked since June 2007 and he did not have the money to pay the Debt it was attempting to collect from him.

18. On June 18, 2009, Valentine, through one of the John Doe's, called the Plaintiff on the telephone attempting to collect the Debt.

19. On June 18, 2009, the Plaintiff again told Valentine, through one of the John Doe's, among other things, that he had not worked since June 2007 and he did not have the money to pay the Debt it was attempting to collect from him.

20. On June 18, 2009, Valentine, through on of the John Doe's, told the Plaintiff that it would keep calling him until he paid the Debt.

21. On June 24, 2009, Valentine, through one of the John Doe's, called the Plaintiff on the telephone attempting to collect the Debt.

22. On June 24, 2009, the Plaintiff told Valentine, through one of the John Doe's, among other things, that he was not working and he did not have the money to pay the Debt it was attempting to collect from him.

23. On June 24, 2009, Valentine, through on of the John Doe's, again told the Plaintiff that it would keep calling him until he paid the Debt.

24. On July 1, 2009, Valentine, through one of the John Doe's, called the Plaintiff on the telephone attempting to collect the Debt.

25. On July 1, 2009, the Plaintiff told Valentine, through one of the John Doe's, among other things, that he was not working and he did not have the money to pay the Debt it was attempting to collect from him.

26. On July 1, 2009, Valentine, through on of the John Doe's, again told the Plaintiff that it would keep calling him until he paid the Debt.

27. On July 13, 2009, Valentine, through one of the John Doe's, called the Plaintiff on the telephone attempting to collect the Debt.

28. On July 13, 2009, the Plaintiff told Valentine, through one of the John Doe's, among other things, that he was not working and he did not have the money to pay the Debt it was attempting to collect from him.

29. On July 13, 2009, Valentine, through on of the John Doe's, again told the Plaintiff that it would keep calling him until he paid the Debt.

30. On July 14, 2009, Valentine, through one of the John Doe's, called the Plaintiff on the telephone attempting to collect the Debt.

31. On July 14, 2009, the Plaintiff told Valentine, through one of the John Doe's, among other things, that he was not working and he did not have the money to pay the Debt it was attempting to collect from him.

32. On July 14, 2009, Valentine, through on of the John Doe's, again told the Plaintiff that it would keep calling him until he paid the Debt.

33. On July 15, 2009, Valentine, through one of the John Doe's, called the Plaintiff on the telephone attempting to collect the Debt.

34. On July 15, 2009, the Plaintiff told Valentine, through one of the John Doe's, among other things, that he was not working and he did not have the money to pay the Debt it was attempting to collect from him.

35. On July 15, 2009, Valentine, through on of the John Doe's, again told the Plaintiff that it would keep calling him until he paid the Debt.

36. On July 20, 2009, Valentine, through one of the John Doe's, called the Plaintiff on the telephone attempting to collect the Debt.

37. On July 20, 2009, the Plaintiff told Valentine, through one of the John Doe's, among other things, that he was not working and he did not have the money to pay the Debt it was attempting to collect from him.

38. On July 20, 2009, Valentine, through on of the John Doe's, again told the Plaintiff that it would keep calling him until he paid the Debt.

39. On July 28, 2009, Valentine, through one of the John Doe's who identified himself as Gerry Pedrol, called the Plaintiff on the telephone attempting to collect the Debt.

40. On July 28, 2009, the Plaintiff told Valentine, through Gerry Pedrol, among other things, that he was not working, he did not have the money to pay the Debt it was attempting to collect from him, and he was not collecting unemployment or other public assistance.

41. On July 28, 2009, Valentine, through Gerry Pedrol, attempted to harass, belittle and demean the Plaintiff by asking how me managed to feed himself.

42. On July 28, 2009, Valentine, through Gerry Pedrol, again told the Plaintiff that it would keep calling him until he paid the Debt.

43. On July 30, 2009, Valentine, through one of the John Doe's who identified herself as Bev, called the Plaintiff on the telephone attempting to collect the Debt.

44. On July 30, 2009, the Plaintiff told Valentine, through one Bev, among other things, that he was not working and he did not have the money to pay the Debt it was attempting to collect from him.

45. On July 30, 2009, Valentine, through Bev, again told the Plaintiff that it would keep calling him until he paid the Debt.

46. On August 3, 2009, Valentine, through one of the John Doe's, called the Plaintiff on the telephone and engaged him in conversation attempting to collect the Debt.

47. In addition to the calls described in this Complaint, Valentine called the Plaintiff and caused his phone to ring on other occasions while attempting to collect the Debt.

48. On at least one occasion, Valentine, through one of the John Doe's, attempted to belittle, shame and/or humiliated the Plaintiff by urging him to borrow money from a family member to pay the Debt.

### Count 1 – Federal FDCPA – Harassment and Abuse

49. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

50. The Defendants engaged in conduct the natural consequence of which was to harass, oppress and/or abuse the Plaintiff while attempting to collect the Debt from the Plaintiff.

51. The Defendants did the following which the Plaintiff asserts constituted the harassing, oppressive and/or abusive conduct:

   a. Valentine and the John Doe's failed to disclose in each communication with the Plaintiff that they were Debt collectors attempting to collect a Debt.

   b. The John Doe's failed to identify themselves in every telephone conversation.

   c. Valentine and the John Doe's caused the Plaintiff's phone to ring, and engaged him in conversation, with the intent to annoy, abuse, or harass him.

   d. Valentine and the John Doe's caused the Plaintiff's phone to ring, and engaged him in conversation, knowing he had no ability to pay the Debt.

   e. Valentine and the John Doe's told the Plaintiff they would keep calling him despite knowing he had no ability to pay the Debt.

    f. Valentine, through at least two of the of the John Doe's, spoke to him in a belittling and humiliating manner by, among other things, urging him to borrow money from his family to pay the Debt and ridiculing him by asking how he could afford to feed himself.

52. The conduct described in this Count violated the FDCPA, specifically 28 USC 1692(d).

53. As a result of the conduct, the Plaintiff suffered damages including mental suffering, embarrassment and attorney fees.

**Wherefore,** the Plaintiff requests judgment against each Defendant for actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

### Count 2 – Federal FDCPA – Unfair Conduct

54. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

55. The Defendants engaged in unfair and/or unconscionable conduct while attempting to collect the Debt from the Plaintiff.

56. The Defendants did the following which the Plaintiff asserts constituted unfair and/or unconscionable conduct:

57. The Defendants did the following which the Plaintiff asserts constituted the harassing, oppressive and/or abusive conduct:

    a. Valentine and the John Doe's failed to disclose in each communication with the Plaintiff that they were Debt collectors attempting to collect a Debt.

    b. The John Doe's failed to identify themselves in every telephone conversation.

    c. Valentine and the John Doe's caused the Plaintiff's phone to ring, and engaged him in conversation, with the intent to annoy, abuse, or harass him.

    d. Valentine and the John Doe's caused the Plaintiff's phone to ring, and engaged him in conversation, knowing he had no ability to pay the Debt.

    e. Valentine and the John Doe's told the Plaintiff they would keep calling him despite knowing he had no ability to pay the Debt.

    f. Valentine, through at least two of the John Doe's, spoke to him in a belittling and humiliating manner by, among other things, urging him to borrow money from his family to pay the Debt and by ridiculing him by asking how he could afford to feed himself.

58. The conduct described in this Count violated the FDCPA, specifically 28 USC 1692(f).

59. As a result of the conduct, the Plaintiff suffered damages including mental suffering, embarrassment and attorney fees.

**Wherefore,** the Plaintiff requests judgment against each Defendant for actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

### Count 3 – State – Deceptive Trade Practice

60. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

61. The John Doe's, alias, placed a call, or calls, to the Plaintiff while acting within the scope of their employment with Valentine and in furtherance of Valentine's business interests.

62. Valentine did not have, or did not enforce, policies and procedures to prevent its agents from conducting themselves in the way the John Doe's, alias, behaved towards the Plaintiff.

63. Valentine's conduct, and the conduct of its agents, as described in this Complaint constituted "unfair or deceptive acts or practices" as that term is defined in the Rhode Island Deceptive Trade Practices Act (DTPA) codified at RIGL 6-13.1-1(6)(xiii).

64. Valentine's conduct as described in this Complaint was prohibited by the DTPA at RIGL 6-13.1-2.

65. Valentine's conduct as described in this Complaint was deliberate, and/or outrageous, and/or reckless.

66. As a result of Valentine's conduct, the Plaintiff suffered damages including mental suffering and attorney fees.

**Wherefore,** the Plaintiff requests judgment against each Defendant for 1) actual damages pursuant to RIGL 6-13.1-5.2(a); 2) statutory damages in the amount of $200 pursuant to RIGL

6-13.1-5.2(a); 3) costs and attorney fees pursuant to RIGL 6-13.1-5.2(d); 4) punitive damages; and 5) such other relief as the Court may deem just and appropriate.

The Plaintiff,
By Counsel,

/s/ John T. Longo

John T. Longo, Esq./#4928
681 Smith Street
Providence, RI  02908
(401) 272-2177
Fax (401) 537-9185
jtlongo@jtllegal.com

## Jury Demand

The Plaintiff demands a trial by jury on each and every count.

/s/ John T. Longo

John T. Longo, Esq./#4928

My File #: FD 2963